FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y:
★ JUL 1 1 2007 ★
P.M. _____
TIME A.M. _____

RECEIVED
In Chambers of:
U.S. District Judge
SANDRA L. TOWNES
MAY 2 4 2007

**MEMORANDUM**
**TO THE HONORABLE SANDRA L. TOWNES**
**UNITED STATES DISTRICT JUDGE**

Re: FALCON, Lurietta
Docket No.: 06-CR-182
<u>Position Regarding Early Termination</u>
<u>From Supervised Release Term</u>

The purpose of this memorandum is to provide the Probation's Department position regarding the request for an early termination of supervised release as submitted by the offender, with a copy of the offender's letter and supporting documentation enclosed for the Court's ready review.

The offender had pled guilty in United States District Court for the Southern District of Florida on November 7, 2001, to Count One of a two-count indictment which charged her with Importation of Heroin Into the United States, in violation of 21 USC 952(a), a class C felony. On that same date the offender was sentenced by the Honorable James Lawrence King, United States District Judge, to 57 months custody (with the Court recommending the offender's participation in a BOP drug/alcohol program), three years supervised release, and a $100 Special Assessment Fee. The Court also ordered the offender not possess a firearm, destructive device, or any other dangerous weapons.

The offender was released from custody on November 8, 2005. She satisfied the Special Assessment Fee while in custody. She initially resided with her mother in a rented room on Marion Street in Brooklyn, and most recently she and her mother relocated to another boarding house elsewhere in Brooklyn. The offender was employed as a salesperson at a woman's clothing store in Brooklyn from her release until May 2006 when she left that job as it was interfering with her studies. In February 2006, specifically, the offender enrolled in ASA Institute of Business & Technology where she is majoring in health care and office administration. The offender collected public assistance and food stamps for a short period after leaving her job and in March 2007 she obtained an office job in Manhattan while continuing to attend school. The offender has provided documentation which indicates she is doing relatively well in her studies. Numerous urine specimens have been collected under supervision. All have proved negative for the presence of illicit drugs.

While the offender's adjustment has been for the most part positive, she had incurred an arrest under supervision. She was arrested on January 7, 2006, for Driving With a Suspended License. According to the police report, the offender was stopped by an officer when he observed a defective rear view mirror on the vehicle she was driving. The offender was arrested after a Department of Motor Vehicles check revealed her to be an unlicensed driver. The offender was arraigned in Kings County Criminal Court on January 8, 2006. The offender pled guilty to Driving Without a License and was fined $125, with a next court date scheduled for March 8, 2006. The offender reported the arrest to the undersigned and paid the fine as per the Court order. (She also later provided documentation which showed that an unpaid ticket which rendered her driving privileges suspended had actually been issued while she was in custody and she speculated that someone else may have been using her identification.) According to the offender, she had gone shopping with her mother who was driving. She stated she took over the driving, despite having only an expired Learner's Permit, after her mother experienced a severe sharp pain and could not drive. Contact was made with the arresting officer corroborated the offender's statement. Judge King was notified of the offender's arrest via a memorandum dated February 6, 2006, and concurred with the Probation Department's recommendation to issue the offender a Written Reprimand with no adverse Court action. At the undersigned's request a jurisdictional transfer was also initiated, and in March 2006, jurisdiction of the offender's case was accepted by Your Honor.

Page 2                               Re: FALCON, Lurietta
                                     Docket No.: 06-CR-182
                                         Position Regarding Early Termination
                                         From Supervised Release Term

Except for the aforementioned arrest, we do believe the offender has made a positive adjustment to supervision. She does appear to be working sincerely toward a brighter future. However, she has done nothing extraordinary to warrant a reduction of her sentence via an early termination. An offender's positive adjustment to supervision does not alone support a basis for early termination. Second Circuit opinion noted that early termination should only be granted occasionally. The court cases said that an offender simply having a record of compliance with supervision conditions is not enough. Instead, an offender's behavior must be "exceptionally good" to warrant the benefits of early termination. See U.S. V. Lussier, 104F 3rd 32, 36 (2nd Cir. 1997) and U.S. v Sheckley, 129 F 3d 114 (2nd Cir. 1997). Therefore the Probation Department recommends against early termination. However, based on the offender's positive adjustment, we intend to transfer her case to the Phase II Administrative Unit. The Phase II Unit for the most part waives office, employment and home contacts both as a reward to compliant individuals and to reduce traditional caseloads thus allowing for more intense supervision where needed.

The matter is hereby deferred to Your Honor with space provided below for the Court's directive.

RESPECTFULLY SUBMITTED:

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

Prepared by: _____
Carolann Avallone-Riccardi
U.S. Probation Officer

Approved by: _____
Jill D. Williams
Supervising U.S. Probation Officer

CAR/s
Encs.
May 24, 2007

**CONTINUE on Supervised Release**
**until scheduled termination date:**  s/ SLT                                    5/24/07
                                    U.S. DISTRICT JUDGE                          Date

**TERMINATE from Supervised Release**
**effective this date:** _____
                         U.S. DISTRICT JUDGE                                     Date


**OTHER:** _____
           U.S. DISTRICT JUDGE                                                   Date